Hawkins, J.,
dissenting, said:
Williams and Massey were both killed in one and the same transaction, and I do not see how it would be possible to detail the circumstances relative to the killing *515 of one, without also stating the circumstances connected with the killing of the other. They are inseparable ; and had Womack been on trial for the killing of either one, the evidence would have been the same as in case he had been on trial for the killing of the other-; and to exclude the evidence as to the killing of one, would be-to exclude it as to the killing of the other.
The plaintiff in error was indicted for but one felony, to-wit: the murder of Williams and Massey, and upon this charge alone he was tried, and the jury have found him guilty of but one felony in the killing of both, to-wit: murder in the second degree, and have fixed his term of imprisonment in the penitentiary at the shortest period authorized by law for that offense. And I am unable to discover that the killing of the two men constituted either two transactions or two distinct felonies.
It is difficult to perceive, in view of the facts disclosed in this record, how the accused could have been embarrassed in his defense, by the refusal of his Honor, the Circuit Judge, to compel the prosecution to proceed against him for .the killing of but one; and the result proves he has not been prejudiced thereby.
I don’t think there was error in admitting the testi- * mony showing the killing of both Williams and Massey, or in refusing to compel the prosecution to make the election.